Amanda McMILLAN, Appellant

v.

Sheila C. BAIR, Appellee.

No. 07–5413.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 19, 2008.

Before: SENTELLE, Chief Judge, GRIFFITH, Circuit Judge, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record of the United States District Court and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j).

Amanda McMillan appeals the District Court's grant of summary judgment in favor of her employer on allegations of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* McMillan claims that her employer, the Federal Deposit Insurance Corporation ("FDIC"), terminated her at the end of her probationary period of employment because of her race and in retaliation for complaining of race discrimination. In support of her claims, McMillan alleges that a permanent employee of a different race who similarly struggled with her assignments was not terminated and that McMillan's termination came soon after she complained to her supervisor about his "negative attitude" toward her and "brought to [her supervisor's] attention her knowledge of [the permanent employee's] situation."

The FDIC asserts that it terminated McMillan at the end of her probationary training period because of her poor performance and weak accounting skills, as it is required to do by federal regulation. *See* 5 C.F.R. § 315.803 ("The agency ... shall terminate [a probationary employee's] service during this [probationary] period if he fails to demonstrate fully his qualifications for continued employment."). McMillan has not presented evidence from which a reasonable factfinder could conclude that this nondiscriminatory reason was a pretext for illegal discrimination or retaliation. McMillan's only asserted evidence of pretext fails because probationary trainees are not similarly situated to permanent employees for purposes of Title VII when an employer decides to retain or dismiss the probationary employee. *See Holbrook v. Reno,* 196 F.3d 255, 262 (D.C.Cir.1999); *McKenna v. Weinberger,* 729 F.2d 783, 789–90 (D.C.Cir.1984). The record reflects no other evidence of discrimination; therefore, McMillan has not alleged facts demonstrating that her termination was based on illegal discrimination. Accordingly, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court is affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.